UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Criminal No. CR 05-219 |
| | : | |
| v. | : | |
| | : | |
| ROBERT X. CHAMBERS | : | VIOLATIONS: |
| | : | |
| Defendant. | : | 18 U.S.C. § 201(b)(1)(A) and (C) |
| | : | (Bribery of a Public Official) |
| | : | 18 U.S.C. § 371 |
| | : | (Conspiracy) |

## INFORMATION

The United States Attorney informs the Court that:

### COUNT ONE

At all times material to this Information:

1.  Defendant Robert X. Chambers resided in West Chester, Pennsylvania and was the owner of Chambers and Sons (C&S), a hardwood flooring company, specializing in gymnasium flooring, located in Malvern, PA.

2.  The District of Columbia (D.C.) employee resided in Washington, D.C. and was employed as a General Engineer in the Capital Construction Services Division of the D.C. Office of Property Management (OPM). He was a project manager who oversaw construction projects for the Department of Parks and Recreation (DPR) including two projects performed by C&S. The duties of the D.C. employee included, but were not limited to the following:

    a)  approving construction plans;

    b)  overseeing contract performance by contractors;

    c)  inspecting work on projects; and

    d)  approving payments to contractors.

3. The D.C. employee's wife resided in Washington, D.C. with her husband.

4. RD was an accountant who resided and worked in Maryland.

5. B.T. Contractors (B.T.) was incorporated in Maryland on November 7, 2001, and was a general contractor providing construction services. The original directors of B.T. were the D.C. employee and his wife. In April 2002, the D.C. employee's wife was listed as the president and a director and the Maryland accountant was listed as the secretary and a director. In June 2002, the Maryland accountant was listed as a president, owner and stockholder.

## The Conspiracy

6. From in or about July 10, 2002, through February 25, 2003, in D.C. and elsewhere, defendant Robert X. Chambers, the D.C. employee, the D.C. employee's wife, and the Maryland accountant did unlawfully and knowingly combine, conspire, confederate and agree together to bribe a Public Official, that is, for Robert X. Chambers to corruptly give, offer and promise the D.C. employee, a public official, things of value to influence official acts of the D.C. employee and to do and omit to do acts in violation of the D.C. employee's official duties, in violation of Title 18, United States Code, Section 201(b)(1)(A) and (C).

## Goal of the Conspiracy

7. It was the goal of the conspiracy that the D.C. employee and the defendant Robert X. Chambers would unjustly enrich themselves by means of a scheme whereby the D.C. employee would take actions as a D.C. official of financial benefit to defendant Chambers and C&S in exchange for which Chambers personally and through C&S would provide money to the D.C. employee.

Manners and Means

In order to achieve the goal of the conspiracy, the defendant, the D.C. employee and others known and unknown would and did use the following manner and means, among others:

8. Between July 2002 and February 2003, the D.C. employee took actions as a D.C. official to benefit defendant Robert X. Chambers and C&S including:

    a) advising Robert X. Chambers of upcoming contracts or "leads" for D.C. government work projects;

    b) advising Robert X. Chambers that he would insert C&S's specifications and other information concerning floors into city computers so as to make it easier for C&S to secure flooring contracts with the D.C. government;

    c) directing one general contractor on a D.C. government project to use C&S as a subcontractor for flooring in a recreation facility;

    d) consulting with defendant Robert X. Chambers and other contractors as to amounts that contractors should invoice general contractors and the D.C. government;

    e) approving invoices submitted by general contractors seeking payment from the D.C. government; and

    f) assisting defendant Robert X. Chambers in getting paid as a subcontractor.

9. The D.C. employee directed defendant Robert X. Chambers to submit a portion of the proceeds from C&S's D.C. government contract work to B.T.

10. The Maryland accountant deposited C&S's checks for the D.C. employee into B.T.'s bank account and then wrote checks to himself for cash.

11. The Maryland accountant provided cash from the checks referred to in paragraph 10 to the D.C. employee.

12. In 2002, the defendant Robert X. Chambers and the D.C. employee had a conversation about construction projects at the D.C. employee's office.

## Overt Acts

13. On or about July 8, 2002, the defendant Robert X. Chambers received a check in the amount of $52,000 for work by C&S from a general contractor doing work for the OPM. The project was supervised by the D.C. employee.

14. On or about July 9, 2002, the defendant Robert X. Chambers caused a check in the amount of $12,500 for the D.C. employee to be sent to B.T. via FedEx.

15. On or About July 10, 2002, the check referred to in overt act number 14 was deposited by the Maryland accountant into a B.T. bank account.

16. After July 12, 2002, the D.C. employee received $12,500 in United States currency from the Maryland accountant.

17. On or about August 26, 2002, the defendant Robert X. Chambers received a check in the amount of $30,000 for work by C&S from a general contractor doing work for the OPM. The project was supervised by the D.C. employee.

18. On or about August 29, 2002, the defendant Robert X. Chambers caused a check in the amount of $7,000 for the D.C. employee to be sent to B.T. via FedEx.

19. On or about September 6, 2002, a check in the amount of $7,000 referred to in overt act number 18 was deposited by the Maryland accountant into a B.T. bank account.

20. On or about September 11, 2002, the D.C. employee received $7,000 in United States currency from the Maryland accountant.

21. On or about October 24, 2002, the defendant Robert X. Chambers received a check in the amount of $14,989 for work by C&S from a general contractor doing work for the OPM. The project was supervised by the D.C. employee.

22. On or about October 28, 2002, the defendant Robert X. Chambers caused a check in the amount of $5,500 for the D.C. employee to be sent to B.T. via FedEx.

23. On or about October 30, 2002, the check referred to in overt act number 22 was deposited by the Maryland accountant into a B.T. bank account.

24. On or about October 30, 2002, the D.C. employee received $5,000 in United States currency from the Maryland accountant.

25. On or about November 7, 2002, the defendant Robert X. Chambers received a check in the amount of $13,207.50 for work by C&S from a general contractor doing work for the OPM. The project was supervised by the D.C. employee.

26. On or about November 18, 2002, the defendant Robert X. Chambers caused a check in the amount of $5,000 for the D.C. employee to be sent to B.T. via FedEx.

27. On or about November 18, 2002, the check referred to in overt act number 26 was deposited by the Maryland accountant into a B.T. bank account.

28. On or about November 27, 2002, the D.C. employee received $5,000 in United States currency from the Maryland accountant.

29. On or about December 24, 2002, the defendant Robert X. Chambers received a check in the amount of $4,402.50 for work by C&S from a general contractor doing work for the OPM. The project was supervised by the D.C. employee.

30. On or about December 27, 2002, the defendant Robert X. Chambers caused a check in the amount of $4,000 for the D.C. employee to be sent to B.T. via FedEx.

31. On or about January 2, 2003, the check referred to in overt act number 30 was deposited by the Maryland accountant into a B.T. bank account.

32. On or about January 2, 2003, the D.C. employee received $1,000 in United States currency from the Maryland accountant.

33. On or about January 3, 2003, the defendant Robert X. Chambers caused a check in the amount of $3,000 for the D.C. employee to be sent to B.T. via FedEx.

34. On or about January 8, 2003, the check referred to in overt acts number 33 was deposited by the Maryland accountant into a B.T. bank account.

35. On or about January 8, 2003, the D.C. employee received $3,000 in United States currency from the Maryland accountant.

36. On or about January 8, 2003, the defendant Robert X. Chambers caused a check in the amount of $1,500 for the D.C. employee to be sent to B.T. via FedEx.

37. On or about January 14, 2003, the check referred to in overt act number 36 was deposited by the Maryland accountant into a B.T. bank account.

38. On or about January 14, 2003, the D.C. employee received $4,000 in United States currency from the Maryland accountant.

39. Between July 2002 and February 2003, C&S remitted a total of $38,500 in United States currency to B.T.

40. Between July 2002 and February 2003, the D.C. employee received a total of $37,500 in United States currency from the Maryland accountant.

**(Conspiracy to Pay Bribes to a Public Official in violation of Title 18, United States Code, Sections 201(b)(1)(A) and (C) and 371).**

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY
D.C. Bar #451058

BY: *[signature]*

ROBERT R. CHAPMAN
D.C. Bar # 60228
MICHELLE MEROLA
D.C. Bar # 451413
Assistant United States Attorneys
Fraud & Public Corruption Section
555 Fourth Street, N.W., 5th Floor
Washington, D.C. 20530
(202) 514-7788, (202) 353-4862