UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA,    :
                             :
v.                           :    Case No. 05-219 (PLF)
                             :
ROBERT X. CHAMBERS,          :
                             :
    Defendant.               :

### DEFENDANT'S SENTENCING MEMORANDUM

Comes now the defendant, Robert X. Chambers, by and through counsel, G. Allen Dale and Joseph V. Catania (admitted pro hac vice), and respectfully submits the following sentencing memorandum. In support thereof the defendant respectfully states:

Robert Chambers is pending sentencing on April 10, 2007, after having pleaded guilty to one count of conspiracy to commit bribery, in violation of 18 U.S.C. §371. The Court has the benefit of a pre-sentence investigation and a motion for downward departure filed by the government. The combination of these two documents provides the Court with detail on Mr. Chambers and the offense as well as Mr. Chambers remorse and his cooperation with the Government. Accordingly, we intend to be brief. We hope not to repeat the matters contained in the other documents and would do so only to provide context for our arguments.

I.  THE PRE-SENTENCE REPORT

Mr. Chambers and counsel have reviewed the pre-sentence report prepared by United States Probation Officer Kathie McGill. As the Court can see from our December 28, 2006,

1

letter to Ms. McGill, attached hereto and incorporated by reference as Exhibit 1, we found no material factual inaccuracies in the report and have lodged no objections to her report.

Ms. McGill's advisory guideline computation is, likewise, correct. Ms. McGill finds an adjusted total offense level of fifteen with a criminal history category of I, providing for an advisory guideline range of from eighteen to twenty-four months.

## II.   MR. CHAMBER'S COOPERATION

The Government has filed a motion for downward departure pursuant to USSG 5K1.1, moving the Court to depart to an offense level ten, based upon his substantial assistance to the Government, and asking the Court to not incarcerate Mr. Chambers. The Government's motion speaks for itself. Mr. Chambers admitted his own guilt early on, told the Government everything he knew about others involved, testified before the Grand Jury and, according to the Government, they believe his cooperation was an important factor in inducing the guilty plea of another individual.

## III.   DEFENDANT'S POSITION REGARDING SENTENCING

The picture painted of Robert Chambers can easily be mistaken for a Norman Rockwell print. This fifty year old first offender is one of a close knit family of twelve, all of whom remain close to this day. His parents, now elderly and in bad health, are cared for not only by Mr. Chambers but by other of his siblings.

Mr. Chambers met his wife when he was in seventh grade. He has known no other woman and after all these years they remain dearly in love with one another.

The use of drugs and drinking hard alcohol are things not known to the Chambers family. Their spare time is spent caring for other family members or volunteering in the community. During the holiday season the Chambers family is often seen going from home to home in West

Chester, Pennsylvania handing out hams and turkeys. For the families that cannot afford presents for their children, Bob Chambers simply gives them cash.

Bob's wife and childhood sweetheart, Pat, puts the final touches on this Rockwell painting. In her letter to the Court dated December 28, 2006, attached hereto as Exhibit 2, she describes her husband as an honest and sincere man who continues to amaze her to this day. She describes for the Court how they raised three boys during their twenty-eight (28) years of marriage and what a large part of their lives Bob has been. When their children were in grade school Bob was asked to be Athletic Director and coached for ten (10) years. He had such an impact on all the children that the school named a basketball award on his behalf. The Bob Chambers Award is given to the child who works the hardest and who best represents the school on and off the court. And, aside from caring from his own parents, Pat Chambers advises the Court as to how much he is a part of her mother's life.

Dr. Gerald Finley, Bob Chambers' brother-in-law, has also written the Court. As the Court can see from his letter, Bob Chambers has known nothing but hard work, dedication to family, dedication to his country and has exhibited nothing less than an unwavering dedication to all who depend upon him. Some of the examples Dr. Finley advances speak volumes about Bob Chambers, such as his donating weeks to help maintain the home of his mother and father-in-law and assisting with his mother-in-law's rehabilitation from heart surgery.

The Sentencing Reform Act has always required a Judge to select a sentence which was "sufficient but not greater than necessary" to achieve the goals of sentencing laid out in 18 U.S.C. 3553(a)(2) but before *Booker*[1] that consideration was generally limited to determining where in the guideline range to impose sentence. After *Booker*, the Court must impose the lowest sentence that is "minimally sufficient" to meet those goals-whether that sentence is one of

---

[1] *United States v. Booker*, 543 U.S. 220 (2005).

probation, time served, the mandatory minimum sentence, should one apply, the statutory maximum, or somewhere in between. *See United States v. Ferguson*, 456 F.3rd 660, 665 (6th Cir. 2006). We respectfully submit that the lowest sentence sufficient to meet the goals of 3553(a)(2) is a probationary sentence.

18 U.S.C. § 3553(a)(1), (a)(2)(A)-(a)(2)(C), requires that the Court consider "the nature and circumstances of the offense and the history and characteristics of the defendant" as well as the need for the sentence imposed to (1) "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (2) "afford adequate deterrence to criminal conduct" and (3) "to protect the public from further crimes of the defendant."

The nature and circumstances of the offense and the history and characteristics of Mr. Chambers have been fully and accurately presented to the Court in the PSR, the Government's Motion for Downward Departure and earlier in this pleading. While the origin of the offense itself is indeed serious, Mr. Chambers' involvement presents many mitigating factors. First, of course, the scheme was not originated by him. Second, his involvement came about only after he had negotiated the contract and even to some degree after he had performed work, and most important, Mr. Chambers understands how wrong his actions were, cooperated with the Government and has vowed to never do this again. When one weighs this offense against the rest of this fifty year old individual's life, the scales tilt heavily in his favor.

We respectfully submit that a probationary sentence also adequately promotes respect for the law and is a just punishment for this individual and this offense. Incarceration, whether in prison, halfway house or even home detention, is not needed in every case. Mr. Chambers involvement in this offense, as has been outlined earlier, his decision not to proceed with further

illegal transactions, and the fact that he will be a convicted felon, is sufficient punishment to reflect the seriousness of his involvement in the offense and promote respect for the law.

In a similar vein, we submit that the nature of Mr. Chambers' involvement in this offense, his cooperation with the Government, and his felony conviction also serve as an adequate deterrent to criminal conduct by others who would be similarly situated.

There can be no real dispute that there is no need for incarceration in any manner in this case to protect the public from further crimes by Mr. Chambers. Mr. Chambers' arrest and his involvement in the criminal justice system, are more than sufficient to insure that he will never again make a bad decision with respect to any illegal conduct. This has been a hard learned lesson for Mr. Chambers. The public needs no further protection from him.

Accordingly, we respectfully pray that this Court impose a sentence of probation and order whatever conditions it believes necessary.

Respectfully submitted,

_____/s/_____
G. ALLEN DALE
Bar No.: 954537
601 Pennsylvania Avenue, N.W.
North Building - 9th Floor
Washington, D.C. 20004
(202) 638-2900
Fax: (202) 784-1435


_____/s/_____
JOSEPH CATANIA
*Pro Hac Vice*
8 West Front Street
Media, Pennsylvania 19063

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Sentencing Memorandum has been served electronically upon Howard R. Sklamberg, AUSA and upon US Probation Officer Cathie McGill, by first-class mail, postage pre-paid, US District Court, 300 Constitution Avenue, N.W., Washington, D.C. 20001.

_____/s/_____
G. ALLEN DALE